**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5308

STEVE ALLEN STEELMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-94-11-V)

Submitted: August 30, 1996

Decided: September 23, 1996

Before WIDENER, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael S. Scofield, John J. Cacheris, LAW OFFICES OF
MICHAEL S. SCOFIELD, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Kenneth D. Bell, First
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steve Allen Steelman appeals from his sentence imposed for conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1996). We affirm.

Steelman has raised only two challenges to his sentence: (1) that the district court erred in its finding that he was responsible for between five to fifteen kilograms of cocaine and thus attributed the wrong offense level to him; and (2) that the district court erroneously applied a four-point enhancement for his role in the offense under United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1994).

Addressing the quantity of cocaine issue, we note that his argument is two-fold. First, he claims that the evidence used to establish the quantity at issue is not sufficiently reliable. A review of the proceedings below reveals that Steelman did not raise this issue before the district court. Accordingly, we find that he has waived his opportunity to raise it now.*

The second prong of Steelman's quantity issue involves a claim of either sentencing entrapment or manipulation. This Court has never explicitly recognized the availability of these theories as an avenue to attack a sentence and it does not do so now. Rather, we find that even if these theories were viable they are not applicable to the facts of this case. Accordingly, we find that neither argument raised by Steelman demonstrates clear error on the part of the district court in its determination of the amount of cocaine attributable to Steelman.

_____

*Steelman actually raises three points of error in relation to the issue of quantity. One of these, however, hinges upon his success on the credibility claim. As we find this claim to be waived, we need not discuss its companion.

2

Steelman's second allegation of error, that the facts did not support a finding that he was a leader or organizer under § 3B1.1(a), is likewise unconvincing. Steelman argues that there was no evidence relating to, and the district court failed to make factual findings regarding, many factors contained in application note 4 of § 3B1.1(a). He is correct. This failure, however, does not render the district court's decision clearly erroneous. A review of the relevant facts reveals that Steelman exercised some degree of control over three individuals in an organization containing at least five participants. No more is required under the guideline provision, for while the other factors contained in application note 4 are of aid to a court in reaching its decision, they "do not possess talismanic significance." United States v. Talladino, 38 F.3d 1255, 1260 (1st Cir. 1994). Accordingly, we affirm the district court's § 3B1.1(a) enhancement.

Having found no error in the issues raised by Steelman, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED